BRUCE GOODFELLOW v. THE COMMON COUNCIL OF THE CITY OF DETROIT.

*Municipal corporations—Removal of officers—Hearing—Dismissal of charges.*

Under a city charter providing that the council should have power to remove certain officers for cause, a copy of the charges made, with notice of the time and place of hearing, being first served, the council, at the time assigned for hearing

charges preferred against an official, notwithstanding his protest, adjourned such hearing, upon the recommendation of the mayor, until after a certain report, regarding a matter not necessarily involved in such charges, should have been received. And it is held that such officer was entitled either to a hearing at that time, or to have a time assigned therefor; and that the indefinite action of the council must be regarded as equivalent to a dismissal of the charges.

*Certiorari* to Wayne. (Lillibridge, J.) Argued October 30, 1894. Judgment affirmed November 1, 1894.

Relator is a member of the board of fire commissioners of the city of Detroit, and the president thereof. The charter (§ 332, compilation of 1893) provides that any member of the board may .be removed by the common council for sufficient cause, a copy of the charges preferred, with notice of the time and place of hearing the same, being first served on such member, and opportunity given him to make his defense. The mayor preferred charges of official misconduct against relator, in that he forcibly prevented an examination, by the mayor and his assistants, of the books and accounts of the commission, the charter (§ 353) providing that the same shall at all times be subject to the inspection of the mayor. At the time assigned for hearing, a message from the mayor was read before the council, stating that he had employed an expert accountant to make an examination of the accounts of the commission, and recommending that action upon the charges preferred against relator be postponed until after the report of said accountant should have been made. Upon motion, the recommendation of the mayor was concurred in, and the council refused to proceed with the hearing. Relator thereupon applied to the circuit court of Wayne county for *mandamus* to compel the council to proceed to the hearing upon such charges, or to dismiss the same. The application being denied, relator brings *certiorari*.

*Fred C. Harvey* (*F. A. Baker* and *George Gartner,* of counsel), for relator.

*John J. Speed* and *Charles D. Joslyn,* for respondent.

PER CURIAM.    In this matter we deem it unnecessary to issue the *mandamus* as prayed. Relator was, without question, entitled either to a hearing upon the charges made at the time fixed, or to have a time fixed when such hearing should be had. We think that the indefinite action of the common council was equivalent to a dismissal of the charges then pending, and must be so regarded. No costs will be allowed.